IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26–cv–02028–MDB

DANNY WILSON CIRILO,

      Applicant,

v.

TODD BLANGE, Attorney General,
TODD LYON, DHS/ICE,
ROBERT HAGAN, DHS/ICE, and
JUAN BALTAZAR, Warden, GEO Group, Inc.,

      Respondents.

---

**ORDER**

---

This case is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") filed *pro se* by Danny Wilson Cirilo ("Petitioner"). (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. (Doc. No. 20.) For the following reasons, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. (Doc. No. 1 at 1.) According to Petitioner he is a native of Nicaragua who entered the United States in October 2022. (*Id.* at 26.) He says he was granted temporary "Humanitarian Parole" by border control and applied for asylum after one year in the United States. (*Id.* at 28.) Petitioner says he was detained by immigration authorities on April 13, 2025, and has been held in

detention since then. (*Id.* at 26.) He also states that on February 12, 2026, an immigration judge granted Petitioner a withholding of removal. (*Id.*) That decision is under appeal by the government. (*Id.*) Petitioner says a decision on the appeal will take up to six months, and it could take years for immigration proceedings to be fully resolved. (*Id.*) Petitioner seeks his immediate release, arguing his prolonged detention violates the Fifth Amendment's Due Process Clause as recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 24–25.)

Respondents were ordered to show cause as to why the Petition should not be granted. (Doc. No. 8.) On July 1, 2026, Respondents filed a Response. (Doc. No. 18.) In the response, "Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful, [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." (*Id.* at 1–2.) Respondents note that, should the Court order Petitioner's release, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security. (*Id.* at 2.)

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. Respondents do not dispute that Petitioner is subject to a final order of removal, and Respondents

apparently concede that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. (Doc. No. 18 at 1.)

When a noncitizen is ordered removed, removal should ordinarily be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner alleges he has been detained for more than six months. (Doc. No. 1 at 26.) Moreover, Respondents do not dispute Petitioner's assertion that he has been detained for over fourteen months, which exceeds the presumptively reasonable six-month period to effectuate his removal, as established by the Supreme Court in *Zadvydas.* Therefore, Petitioner bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner asserts that he is currently subject to a withholding of removal order. (Doc. No. 1 at 26.) He further asserts that it will take months to years for the immigration appellate process to resolve. (*Id.*) Respondents do not contest those assertions. (Doc. No. 18.) Thus, Petitioner has met his initial burden, and the burden shifts to Respondents to submit

evidence sufficient to rebut that showing. Respondents have submitted no such evidence and thus have not met their burden. (*See id.*)

### CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is being detained in violation of the Fifth Amendment, and the Court will grant the Petition and order Petitioner's release from custody pursuant to 28 U.S.C. § 2241(c)(3). Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**. It is further

**ORDERED** that Petitioner shall be released from custody within **24 hours of this Order.** It is further

**ORDERED** that Respondents may impose on Petitioner reasonable conditions of release or supervision. It is further

**ORDERED** that Respondents shall file a status report within **two (2) days** of this Order certifying compliance. It is further

**ORDERED** that Petitioner's Request for Appointment of Counsel (Doc. No. 5) and the Motions "for request to the court to make decision for Order for release from custody" (Doc. Nos. 21, 22) are **DENIED AS MOOT**.

Dated this 17th day of July, 2026.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

4